IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA BRADSHAW                                                          PLAINTIFF

               v.                                         Civil No. 09-5102

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Sheila Bradshaw, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff filed her application for DIB on July 19, 2007, alleging an onset date of June 16, 2003, due to back, leg, and lung problems. (Tr. 65, 110-117, 129-133, 151-152). Plaintiff's application was denied initially and on reconsideration. (Tr. 72-74, 78-79). Plaintiff then requested an administrative hearing, which was held on November 12, 2008. (Tr. 7-59). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 48 years of age and possessed a high school education. (Tr. 13). She had past relevant work ("PRW") experience as a meter reader, poultry production line worker, and solderer/ultra sonic welder. (Tr. 14-16, 134-135, 143-150).

On March 10, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's degenerative disk disease and carpal tunnel syndrome did not meet or equal any Appendix 1 listing. (Tr. 67). She found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work that does not involve climbing ladders, scaffolds, or ropes; involves only frequent climbing ramps or stairs, balancing, stooping, kneeling, crouching, crawling, handling and fingering with the right upper extremity, and pushing and/or pulling with the upper extremities; and, provides for the option to alternate between sitting and standing hourly. (Tr. 68). The ALJ then concluded that plaintiff could perform her PRW as an ultrasonic solderer. (Tr. 71).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 17, 2009. (Tr. 1-3). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome,

2

or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age,

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Aside from the RFC assessment of a non-examining, purely consultative physician, the record is devoid of clear medical evidence to indicate plaintiff's work abilities and limitations.[1] *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting

---

[1] On September 26, 2007, Dr. Steve Owens completed a physical RFC assessment. (Tr. 232-239). After reviewing plaintiff's medical records, he concluded that she could perform light work. (Tr. 232-239). This opinion was affirmed by Dr. Alice Davidson on January 4, 2008. (Tr. 242).

physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). On September 20, 2007, plaintiff underwent a general physical examination with Dr. Randy Conover. (Tr. 224-231). She stated that her main difficulty working was due to pain in her lower back. Plaintiff indicated that she could not walk more than 30 to 45 minutes, stand more than 20 minutes or sit in one position secondary to pain and stiffness. She reported the need to change positions frequently and rest. Plaintiff also complained of increased weakness in her right hand with repetitive actions and usage. An examination revealed a limited range of motion in plaintiff's lumbar spine, a lack of sensory perception in the right tinels/phalans, 80% grip strength in the right hand, and 90% grip strength in the left hand. X-rays revealed decreased joint spaces at the L4-S1 levels, osteophytes, and increased subchondral sclerosis at the L5 level. Dr. Conover diagnosed plaintiff with osteoarthritis, hyperlipidemia, right carpal tunnel syndrome[2], and allergic rhinitis. He concluded that her ability to walk, stand, lift, carry, and handle may be hindered secondary to her diagnoses. Dr. Conover indicated that her ability to lift would be moderately limited, her ability to carry severely limited, and her ability to handle moderately limited. All other functions were only mild limitations. (Tr. 224-231). He did not, however, indicate what he meant by moderate or severe limitations and did not complete a physical RFC assessment.

On August 12, 2008, plaintiff was treated for two hairline fractures in her left leg, a swollen left knee, back pain, urinary and fecal incontinence, and chest pressure with associated

---

[2] Plaintiff testified that she had been treated for carpal tunnel syndrome in the early 1990s. She reportedly underwent nerve conduction studies at this time, but opted not to undergo surgery due to the surgery failure rate among friends with similar diagnoses. *See e.g., Brosnahan v. Barnhart,* 336 F.3d 671, 677 (8th Cir. 2003) (when medications are ineffective, failure to take them does not discredit claimant).

5

right arm pain. (Tr. 248). The doctor diagnosed plaintiff with lower back pain and urinary incontinence, hypertension, polyuria, and chest pain. An MRI of her spine was ordered, an EKG was ordered, and plaintiff was prescribed Atenolol. (Tr. 248).

On August 18, 2008, an MRI of plaintiff's lumbar spine showed lumbar spondylosis most marked at the L4-5 level with mild bilateral neural foraminal narrowing. (Tr. 253-254). No canal stenosis was evident. (Tr. 253-254).

On September 8, 2008, plaintiff presented for a heart rate and blood pressure check up. (Tr. 247). She reported chest pain, sharp pains in her right groin, shooting pain down her legs, continued back pain, and reflux symptoms. A stress test was ordered to assess her chest pain, an MRI ordered to evaluate what was likely acute muscle strain, a trial of Tylenol and Flexeril was recommended, and Omiprazone was prescribed to treat her reflux symptoms. She was also told to continue the Enalapril to treat her hypertension. (Tr. 247).

On September 11, 2008, an exercise tolerance test resulted in a resting ECG within normal limits with no significant ECG changes or dysrhythmias during exercise and recovery. (Tr. 249). No evidence of ischemia was noted. (Tr. 249).

On December 26, 2007, the Eureka Community Clinic indicated that plaintiff had been prescribed steroids, Mobic, Carisoprodol, and Ultram. (Tr. 245).

As it is clear that plaintiff was experiencing a back related impairment and some limitations in grip strength in both hands, more pronounced in the right hand, we believe that the ALJ erred in determining plaintiff's RFC without the benefit of an RFC assessment from a doctor who actually treated and/or evaluated plaintiff. Dr. Conover was not asked to complete an RFC assessment or to explain his findings. And, it is simply not clear to the undersigned that

6

plaintiff was capable of frequent fingering and handling with the right hand or frequent climbing, balancing, kneeling, crouching, or crawling. Therefore, on remand, the ALJ is directed to send plaintiff for an orthopedic consultative examination and to obtain an RFC assessment from that doctor. *See Lewis,* 353 F.3d at 646. Specific questions should be asked concerning plaintiff's ability to grip, handle, finger, and reach with her right upper extremity, as well as he ability to bend, crouch, crawl, climb, and balance.

### IV.     Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>8th</u> day of July 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**